**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No.:   2:20-CR-9** |
| | **(JUDGE KLEEH)** |
| **MATTHEW SCOTT UPTON,** | |
| **Defendant.** | |

### REPORT AND RECOMMENDATION
### CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Matthew Scott Upton, in person and by Counsel, Brian J. Kornbrath, appeared before me on July 21, 2020. The Government appeared by Assistant United States Attorney, Stephen Warner. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One and Count Two of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and

voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Matthew Scott Upton only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

Thereafter, the Court determined that Defendant was entering a plea to both counts of the Indictment without a plea agreement.

The undersigned then reviewed with Defendant Count One and Count Two of the Indictment and the elements the Government would have to prove, charging him in Count One with Possession with Intent to Distribute 5 grams or more of Methamphetamine, also known as "crystal meth" and "ice," in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and charging him in Count Two with Unlawful Possession of a Firearm in violation of Title 18, United States Code, Section 922(g) and 924(a)(2). Subsequently,

Defendant Matthew Scott Upton, pled **GUILTY** to the charges contained in Count One and Count Two of the Indictment. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government proffered a factual basis for the plea. Neither Defendant nor Defendant's counsel disputed the proffer when given the opportunity to do so. Defendant stated he heard, understood, and did not disagree with the Government's proffer. Additionally, Defendant provided a factual basis for the commission of the offense. The undersigned Magistrate Judge concludes the offenses charged in Count One and Count Two of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense, and that independent basis is provided by the Government's proffer.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count One and Count Two of the Indictment and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that Defendant understood the statutory minimum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was minimum imprisonment of a period not less than five years and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was maximum penalty of 40 years imprisonment, a fine of $5 million, and 5 years of supervised release. In addition, the undersigned Magistrate Judge determined Defendant

3

understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two was maximum penalty of up to 10 years imprisonment, $250,000.00 fine, and up to three years supervised release. In addition, the Defendant also understood that the Court would impose a special mandatory assessment of $100.00 for each felony for having been convicted of a felony offense, for a total of $200.00, payable within 40 days of his guilty plea. Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The undersigned also informed Defendant that by pleading guilty he was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned also reviewed with Defendant his appellate rights. The Court further informed Defendant than an appeal must be filed within 14 days of the judgment being entered against him.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant

4

that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One and Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Matthew Scott Upton with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charges in Count One and Count Two of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of

and understood his right to have an Article Ill Judge hear and accept his plea and elected to

voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; and

Defendant understood the charges against him, that being Count One and Count Two of the

Indictment. Defendant understood the consequences of his plea of guilty, in particular the

mandatory minimum sentence and the maximum statutory penalty to which he would be

exposed for Count One and Count Two; Defendant made a knowing and voluntary plea of

guilty to Count One and Count Two of the Indictment; and Defendant's plea is independently

supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of

each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of

guilty to Count One and Count Two of the Indictment herein be accepted conditioned upon the

Court's receipt and review of this Report and Recommendation.

The undersigned magistrate judge remanded Defendant to the custody of the U.S.

Marshal Service.

Any party shall have fourteen days from the date of filing this Report and Recommendation

within which to file with the Clerk of this Court, specific written objections, identifying the

portions of the Report and Recommendation to which objection is made, and the basis of such

objection. A copy of such objections should also be submitted to the United States District Judge.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including

exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with

LR PL P 12.

Failure to file written objections as set forth above shall constitute a waiver of de novo

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

<u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on July 21, 2020.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE